# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0890V
**Filed: October 19, 2018**
UNPUBLISHED

| | |
|---|---|
| JACKIE DWAYNE DAMRON, as Administrator of the Estate of JACK DAMRON, Deceased,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*William E. Cochran, Jr.*, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN , for petitioner.
*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

　　On July 20, 2018, petitioner filed a motion for attorneys' fees and costs. ECF No. 36. On July 23, 2018, respondent filed a response to petitioner's motion. ECF No. 37. On August 14, 2018 the undersigned issued a decision awarding petitioner attorneys' fees and costs in the amount of $44,968.90. ECF No. 39.

　　On September 18, 2018, petitioner's counsel, Mr. Cochran, notified the staff attorney managing this case of a mathematical error in the decision. *See* Informal Remark, dated Oct. 19, 2018. Mr. Cochran asserts that his firm is entitled to an additional $4,003.29 in attorney fees, as the amounts requested were $47,233.15 for attorneys' fees and costs and $4,003.29 for petitioner's out-of-pocket costs. *Id.* These

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

amounts result in a total request of $51,236.44, whereas the original decision stated the total request for attorneys' fees and costs was $47,233.15. Mr. Cochran represents that he has discussed the error with respondent's counsel who indicated that respondent has no objection to a correction of the mathematical error.

Upon further review of the petitioner's motion for attorney fees, a mathematical error was discovered in the amount of $4,003.29.[2]  Under RCFC 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  The undersigned finds that it is necessary to correct this clear error.  Petitioner should be awarded an additional $4,003.29 in attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $4,003.29[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel William E. Cochran, Jr.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

   **s/Nora Beth Dorsey**
   Nora Beth Dorsey
   Chief Special Master

---

[2] In petitioner's motion for attorneys' fees and costs, Mr. Cochran described the amount requested as "a total of $47,233.15 and $4,003.29 in petitioner's litigation costs." ECF No. 36 at 10.  This language was mistakenly read as indicating a total of $47,233.15 which included petitioner's litigation costs.  Instead, it is now apparent that petitioner meant a total of $51,236.44 was being requested.

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.