# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-890V
**Filed: August 14, 2018**
UNPUBLISHED

| | |
|---|---|
| JACKIE DWAYNE DAMRON, as Administrator of the Estate of JACK DAMRON, Deceased,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU); Attorneys' Fees and Costs |

*William E. Cochran, Jr., Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN , for petitioner.*
*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On June 29, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that his deceased father, Jack Damron, suffered the table injury of the Guillain-Barré Syndrome ("GBS") after receiving the seasonal influenza vaccine. Petition at 1. On May 23, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 32).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 20, 2018, petitioner filed a motion for attorneys' fees and costs.  (ECF No. 36).   Petitioner requests attorneys' fees in the amount of $45,284.90 and attorneys' costs in the amount of $1,948.25.  *Id.* at 1.  Additionally, in compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred $4,003.29 in out-of-pocket expenses. *Id.* at 3. Thus, the total amount requested is $47,233.15.

On July 23, 2018, respondent filed a response to petitioner's motion.  (ECF No. 37).   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate due to billing for administrative tasks, excessive and duplicative billing, interoffice communication and block billing.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  See *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

Upon review of the records, a number of entries billed by the paralegals are for tasks better characterized as clerical or administrative. It is clearly established that secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates."  *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *accord. Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).  "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program."  *Mostovoy* v. *Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 3.30

2

hours[3] was billed on administrative tasks including, paying invoices, organizing documents, and scanning and saving documents.

    The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing.  *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).  The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  *See Sabella*, 86 Fed. Cl. at 209.  Over eighty entries[4] are listed on tasks such as "interoffice conference", "conversation with ", "email to/from" and "correspondence with".  Many entries containing these descriptions are block billed with tasks that are considered compensable and non-compensable. Due to the block billing[5] the undersigned cannot decipher the amount of time spent on each task.

    For the reasons listed above the undersigned reduces the total award of attorney's fees by 5 percent. This results in a **reduction of $2,264.25**.

---

[3] Examples of these entries include: October 25, 2016 (0.20 hrs) "Open and set up new file", February 9, 2017 (0.20 hrs) "Work on scanning VA Medical Records", April 4, 2017 (0.10 hrs) "Work on scanning and saving; update provider chart" and May 10, 2017 (0.10 hrs) "Work on saving expenses to subfile". (ECF No. 36-2 at 1, 6 and 8). These entries are merely examples and are not exhaustive.

[4] Examples of these entries include: December 20, 2016 (0.10 hrs) "Conversation with Samantha Ward regarding processing time.", March 15, 2017 (0.20 hrs) "Discuss status of medical records requests with Carmen Garcia; E-Mail to William E. Cochran regarding estate issue.", April 18, 2017 (0.20 hrs) "Meet with William R. Cochran and Carmen Garcia to go over medical providers and requests still outstanding.", September 19, 2017 (0.30 hrs) "Office conference with William E. Cochran regarding Skyline bill.", December 7, 2017 (0.20 hrs) "Intra-office meeting with staff to discuss path forward, where we stand now, necessary activity, and impending dates.", February 21, 2018 (0.20 hrs) "Conference with Will Cochran regarding revisions to make to out of pocket expense spreadsheet.",  May 21, 2018 (0.10 hrs) "Office conference with Carmen Smith regarding creditor issue." and May 25, 2018 (0.20 hrs) "Go over award and discuss with Chris Webb and William E. Cochran." (ECF No. 36-2 at 2, 5, 7, 16, 18, 19 and 21). These entries are merely examples and are not exhaustive.

[5] Examples of these entries include: March 28, 2017 (0.30 hrs) "Receipt of medical records and invoice from Skyline Medical Center; Work on scanning and saving; Update provider chart; correspondence to Will Cochran with copy of records attached; copy of invoice to Sherry Fearon for payment.", April 20, 2017 (0.60 hrs) "Work on researching new providers information; Draft medical records requests and releases; Work on gathering power of attorney and death certificate to be sent with request; Work on scanning and saving; Update provider chart.", June 8, 2017 (0.50 hrs) "Receipt of invoice and medical records from Tri-Star Southern Hills Medical Center; Work on scanning and saving voluminous records; Update provider chart; Review invoice charges; Copy of Records to Will Cochran for review; Copy of invoice to Sherry Fearon for payment." and January 22, 2018 (0.20 hrs) "Office conference regarding status, and receipt, note contents, review and analyze motion to stay, and response to government attorney." (ECF No. 36-2 at 6, 7, 11 and 18). These entries are merely examples and are not exhaustive.

The full amount of costs requested, $5,951.54, is awarded.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $44,968.90[6] as follows:**

- **A lump sum of $40,965.61, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, William E. Cochran, Jr.; and**

- **A lump sum of $4,003.29, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u><br>
Nora Beth Dorsey<br>
Chief Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.